# JACK E. MORRIS

### JACK E. MORRIS, ATTORNEY AT LAW, LLC



| | | |
|---|---|---|
| (504) 454-2769<br>jem@jemorrislaw.com | 4051 VETERANS BOULEVARD, SUITE 208<br>METAIRIE, LOUISIANA 70002 | Board Certified<br>Appellate Practice Specialist |

March 15, 2024

<u>BY CM/ECF FILING SYSTEM</u>

Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Pl.
New Orleans, LA 70130

        RE:   In the Matter of the Roman Catholic Church of the Archdiocese of New Orleans, U.S. 5th Cir. C.A., No. 23-30466

<u>RULE 28(j) RESPONSE</u>

Dear Mr. Cayce:

      Appellant Richard C. Trahant, through undersigned counsel, respectfully responds to the Rule 28(j) letter submitted by debtor The Roman Catholic Church of the Archdiocese of New Orleans on March 13, 2024 (Doc. 99) regarding the Bankruptcy Court's unreported decision in "In re Dominion Group et al.," No. 19-12366 (Bankr. E.D.La. Mar. 4, 2024), as follows:

      The Bankruptcy Court's decision in In re Dominion Group obviously is not binding on this Court's review of decisions of the same Bankruptcy Court in this case, and in any event that decision is unpersuasive and distinguishable from this case for reasons including but not limited to the following:

     •    The Bankruptcy Court *sua sponte* held Mr. Trahant in contempt and imposed non-monetary sanctions against him without notice of the charges against him, without any hearing, and without allowing him access to pertinent portions of the record. In In re Dominion Group, in contrast, the Bankruptcy Court previously held the attorney and clients in contempt in response to two motions for summary judgment that were "properly served and noticed ..." and were supported by "competent summary judgment evidence ...." *In re Dominion Group, LLC*, 2023 WL 4753620, pp. 6-7 (Bankr. E.D.La. July 24, 2023).

     •    No one other than Mr. Trahant introduced any testimony or document in evidence – including any of the unsworn invoices filed in the record – at the show-cause hearing on the issue of sanctions. In contrast, the movants in In re Dominion Group submitted sworn declarations in

Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
March 15, 2024
Page 2

support of their invoices (pp. 3, 5), and all of the declarations and invoices were "admitted ... as evidence" (p. 6).

•       The only allegedly protected information that Mr. Trahant communicated to the high school principal and reporter was the priest's name and status as the chaplain at the high school, whereas all of the information and documents disclosing details of the priest's sexual abuse of a minor were provided to the high school and reporter by unknown sources or the debtor. In In re Dominion Group, in contrast, there was no dispute that 100% of the fees and costs incurred were attributable to the acts of the contemnors.

                                               Respectfully submitted,

                                               */s/ Jack E. Morris*

                                               JACK E. MORRIS

### CERTIFICATE OF COMPLIANCE WITH RULE 28(j) WORD LIMIT

This Rule 28(j) response letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains exactly 350 words as determined by the word-count function of Corel WordPerfect 2020.

                                               */s/ Jack E. Morris*
                                               _____
                                               JACK E. MORRIS

### CERTIFICATE OF SERVICE

I, Jack E. Morris, hereby certify that on March 15, 2024, I electronically filed the foregoing Rule 28(j) response letter with the Clerk of Court by using the CM/ECF filing system, which will send a notice of electronic filing to those participants in the CM/ECF filing system.

                                               */s/ Jack E. Morris*
                                               _____
                                               JACK E. MORRIS